IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BENNIE DAVID GUY | § | |
| v. | § | CIVIL ACTION NO. 6:12cv584 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Bennie Guy, an inmate currently confined in the Arkansas state penitentiary proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the computation of his time credits. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Guy was convicted of sexual assault in Gregg County, Texas, on July 18, 1996, receiving a sentence of 40 years in prison. He is also serving a concurrent 40-year sentence for rape in the State of Arkansas.

In his habeas petition, Guy argues that he was not sentenced to a "mandatory sentence" but that his sentence was supposed to be with good time credits. He claimed that he was supposed to earn two to three days of good time for each day served, which would give him a minimum of 32 years of good time credits. Guy contends that this, added to the 16 years of calendar time which he has served, gives him 48 years of time credits on a 40-year sentence, entitling him to immediate release. He claimed a denial of due process and equal protection, and complains that the new Texas parole board rules should not apply to him.

After review of the pleadings, including the answer filed by the Respondent and Guy's response to the answer, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge observed that under Texas law, good time serves only to advance eligibility for release on parole or mandatory supervision, and does not affect the length of the sentence itself. Because Guy is serving a sentence for sexual assault, he is not eligible for release on mandatory supervision, so any good time he may earn can only affect his eligibility for parole.

In this regard, the Magistrate Judge stated that according to prison records, Guy has not suffered any adverse effects to his parole eligibility; he has been reviewed for release on parole four times since he became eligible in 2003; even if he did not have the full complement of good time to which he is entitled, the Magistrate Judge stated that Guy has not shown that he would have been reviewed any more times or that the result of the review would likely have been more favorable.

More importantly, the Magistrate Judge stated that there is no right to release on parole in the State of Texas, and so Guy has no liberty interest in such release. Any diminishing of Guy's good time credits thus does not affect a constitutionally protected right but only the "mere hope" of parole, which is not protected by due process. Finally, the Magistrate Judge determined that Guy had not shown an equal protection violation, nor had he shown that he was not getting the amount of good time credits to which he is entitled by law. The Magistrate Judge therefore recommended that Guy's petition be dismissed and that Guy be denied a certificate of appealability *sua sponte*.

Guy filed objections to the Magistrate Judge's Report. In his objections, Guy first runs through calculations purportedly showing that he has in fact been deprived of good time credits. He says that he has served 16.7 years, or 6050 days, so if he received 20 days of good time for every 30 days served, as the Respondent says, he should have amassed 3980 days of good time credit, giving him a total of 10030 days of time credits, or 27 and a half years. To this total, he adds the 3987 days of good time credit which he has earned in Arkansas, and one extra day for the months of January, March, April, May, July, August, October, and December, which he says have 31 days and not 30, apparently overlooking the fact that April has only 30 days. He says that these eight months per year,

times 16 and a half years, gives him 125 days, for which he would receive 80 days of good time credit. These 205 days, when added to his Texas calendar time, his Texas good time, and his Arkansas good time, give him 40 years, so Guy argues that "his sentence is over."

Guy goes on to argue that good time does affect the length of his Texas sentence. He says that under Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997), and Wolff v. McDonnell, 418 U.S. 539 (1974), Texas inmates have a liberty interest in receiving good time credits. Guy also contends that his release date is not "speculative, as stated by the Magistrate Judge, but that his 40 year sentence has in fact been completed. As proof that good time can reduce the length of a Texas sentence, he points to a 1999 case from Iowa which held that Iowa's good time statutes create a liberty interest because they inevitably affect the length of time that the prisoner serves. Guy reasons that Iowa, Arkansas, Minnesota, Missouri, Nebraska, and North and South Dakota are all part of the Eighth Circuit, and the Supreme Court held that Texas law paralleled Nebraska law, so therefore good time must affect the length of Texas sentences.

Finally, Guy complains that the Magistrate Judge cited a 2000 case, but that case relied on parole law from 1996 and he was convicted in 1995. He argues that applying the 1996 parole law to him is an ex post facto violation. He asks that the Court agree that the Ex Post Facto clause was violated, that the good time awarded by Texas and Arkansas counts toward his release, and that his 40 year sentence has been completed, resulting in his release.

Guy's primary argument is that his good time should count toward the completion of his sentence. As the Magistrate Judge observed, however, Texas law at the time of Guy's offense specifically and explicitly provided that the sole purpose of good time is to accelerate eligibility for release on parole or mandatory supervision and did not affect the length of the sentence itself. Ex Parte Hallmark, 883 S.W.2d 672, 674 (Tex.Crim.App. 1994). Whatever Texas law may have been in 1974, when Wolff was decided, is irrelevant; Guy's offense was not committed in 1974, but in 1995; at that time, Texas law provided good time did not affect the length of the prisoner's sentence.

3

Although Guy points to Madison v. Parker, that case provides him no relief. The reason for the remand in Madison was the fact that it could not be ascertained from the record whether or not the plaintiff was eligible for release on mandatory supervision. The Fifth Circuit held if the plaintiff was eligible for release on mandatory supervision, then he had a liberty interest in his good time credits, but if he were not eligible for release on mandatory supervision, then there was no liberty interest in good time credits because these could serve only to make him eligible for parole, and Texas prisoners have no right to release on parole.

Here, the record clearly reflects that Guy is not eligible for release on mandatory supervision because he is serving a sentence for sexual assault. Thus, under the Fifth Circuit's decision in Madison, he has no liberty interest in his good time credits, as the Magistrate Judge properly concluded. Guy's objection on this point is without merit.

Guy also complains that the Magistrate Judge applied law to his case which was enacted after his conviction. A review of the Magistrate Judge's Report shows that the Magistrate Judge cited a 1994 statute for the proposition that the sole purpose of good time was to accelerate eligibility for release on parole or mandatory supervision, and a 1994 decision from the Texas Court of Criminal Appeals for the proposition that good time credits do not affect the length of the sentence itself. The Magistrate Judge also cited a 1994 statute to show that Guy was not eligible for release on mandatory supervision as a result of his conviction for sexual assault, and a 1991 Fifth Circuit case to show that there was no liberty interest in release on parole in the State of Texas. Guy has not shown that any statute enacted after his conviction was applied to him or has disadvantaged him in any way. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's application for habeas corpus relief, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge (docket no.18) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Bennie Guy is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 27th day of February, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE